**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JENISA MOORE, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 25-cv-14101 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| PARK CITY POLICE DEPARTMENT, | ) | |
| | ) | |
| *Defendant*. | ) | |

# ORDER

The Court grants Defendant Park City Police Department's motion to dismiss and dismisses pro se Plaintiff Jenisa Moore's complaint with prejudice (Dkt. 20). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In her complaint, Moore alleges that "on multiple dates in 2025," she contacted the Park City Police Department "to report violations of a valid restraining order/order of protection." (Dkt. 10 at *4). But despite these repeated calls, Moore alleges that the officers "failed to take appropriate action or document the violations." (*Id.*). Instead of charging the offender with violating the protection order, the Department "charged him with an unrelated theft offense, which allowed him to be released from custody again." (*Id.*). Her complaint alleges that the Department's failure to enforce the restraining order "placed her and her daughter at risk" and "show[s] a pattern of negligence, failure to protect, and failure to follow mandatory enforcement procedures," all of which violated her rights under the Fourteenth Amendment. (*Id.* at *4–5).

The police having failed to protect her, Moore sued the Department pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against any person who, acting under the color of law, subjects or causes another to subject the plaintiff to the deprivation of a federally protected right. *Monroe v. Pape*, 365 U.S. 167 (1961) (explaining the history of § 1983). As evident by the text of the statute, a § 1983 claim can only be brought against a person; a plaintiff cannot hold a municipality or municipal entity vicariously liable for an employee's misconduct. *Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2021) ("Municipalities do not face *respondeat superior* liability under section 1983 for the misdeeds of employees or other agents. Only actions of the entity will suffice."). A municipality or municipal entity can be liable under § 1983 through what is colloquially called a "*Monell* claim," but only if it had an actual or de facto policy or custom that caused the alleged constitutional violation. *Id.* (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)).

Moore's complaint fails because her alleged constitutional violation is squarely foreclosed by precedent. As the Supreme Court and the Seventh Circuit have articulated on numerous occasions, the Fourteenth Amendment's due process clause does not create an affirmative duty on the government to protect an individual from harm caused by private actors. *Town of Castle Rock, Colorado*

*v. Gonzales*, 545 U.S. 748, 768 (2005) (rejecting Fourteenth Amendment claim brought by domestic-abuse victim against municipality for the police department's failure to enforce a restraining order); *Wilson-Trattner v. Campbell*, 863 F.3d 589, 593 (7th Cir. 2017) (same for failure to protect domestic-abuse victim from her abuser); *Bond v. Atkinson*, 728 F.3d 690, 691 (7th Cir. 2013) (same for failure to enforce an order of protection); *Sandage v. Bd. of Comm'rs of Vanderburgh Cnty.*, 548 F.3d 595, 597 (7th Cir. 2008) (same where police officers released a convicted felon who went on to murder four individuals). Put more explicitly: "[A] state's failure to protect an individual against private violence does not constitute a violation of the due process clause." *Wilson-Trattner*, 863 F.3d at 593; *see also Wright v. Shumate*, 181 F.4th 742, 748–49 (7th Cir. 2026) (noting two exceptions: (1) "situations in which the State has affirmatively restrained an individual's freedom, such as through incarceration or institutionalization," and (2) "when a state actor's affirmative conduct creates or increases a danger to the plaintiff" (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197–200 (1989)). Here, Moore's allegations mirror those brought in *Town of Castle Rock* and related cases, and so must be dismissed for the same reasons.

In granting the Department's motion to dismiss, the Court also denies Moore leave to amend her complaint. Although Federal Rule of Civil Procedure Rule 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires," "a district court may deny leave to amend if amendment would be futile." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022). To determine whether a claim is futile, the court applies "the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim." *Id.* (citation modified).

Along with her failure to allege a colorable deprivation of her constitutional rights, Moore's complaint also fails to meet the other elements of a *Monell* claim. First, the defendant she has sued—the Park City Police Department—cannot be held liable under § 1983. Federal Rule of Civil Procedure 17(b) requires a defendant in a lawsuit to possess the legal capacity to be sued. Whether a defendant can be sued is determined by the law of the state where the court is located, which in this case, is Illinois. Under Illinois law, "[a] party to litigation must have a legal existence, either natural or artificial, to sue or be sued." *Jackson v. Village of Rosemont,* 536 N.E.2d 720, 723 (Ill. App. Ct. 1988)). Police departments—such as the Park City Police Department—are departments of the municipalities they serve. Accordingly, they do not have distinct legal existences under Illinois law.

The proper defendant for Moore's *Monell* claim, then, is the municipal entity that controls the Park City Police Department—Park City. But even if the Court permitted Moore to amend her complaint and substitute Park City as a defendant, her *Monell* claim would still fail. Moore's complaint states in general terms that the Park City Police Department's conduct in her case is indicative of "a pattern of negligence" and "failure to follow mandatory enforcement procedures." (Dkt. 20 at *5). But these general allegations, unsupported by any factual basis, do not permit the reasonable inference that such practices and policies exist to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555, 557 (explaining that pleadings that offer "labels and conclusions" or "naked assertion[s] … without some further factual enhancement" are insufficient to satisfy federal pleading requirements). Nor is her own individual experience sufficient to establish a policy or practice necessary to make out a *Monell* claim. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("[P]laintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated incidents."); *Flores v. City of S. Bend*, 997 F.3d 725, 733 (7th Cir. 2021) (explaining that "a few sporadic examples of

an improper behavior" are not enough to establish a policy or practice). And because her alleged constitutional deprivation—violation of her Fourteenth Amendment due process rights as a result of the Park City Police Department's failure to protect her—is not a colorable claim, it would be impossible for Moore to identify such examples necessary to make out her *Monell* claim.

As the Supreme Court explained in *Town of Castle Rock*, "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." 545 U.S. at 768. But just because the Fourteenth Amendment is unavailable to remediate such harm "does not mean States are powerless to provide victims with personally enforceable remedies." *Id.* There may be other avenues by which Park City and its police department may address the concerns Moore raises in her complaint. But the path to such relief does not lie through this Court.

* * *

For the reasons stated in this order, the Court grants Defendant's motion to dismiss (Dkt. 20). Because Plaintiff's claim that Defendant violated her right to due process granted by the Fourteenth Amendment is squarely foreclosed by Supreme Court precedent, *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 768 (2005), and because Plaintiff's complaint otherwise fails to satisfy the elements necessary to plead a *Monell* claim under 42 U.S.C. § 1983, *Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2021), the Court finds that further amendment would be futile, *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022). The Court also notes for the record that Plaintiff failed to appear for oral argument on Defendant's motion to dismiss. Accordingly, the Court dismisses Plaintiff's complaint with prejudice. Civil case terminated.

**IT IS SO ORDERED.**

Date: 11/17/2026

Entered: ______________________________
SHARON JOHNSON COLEMAN
United States District Judge